UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES TORREZANI and JOSIMAR DESOUZA, individually and behalf of all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>VIP AUTO DETAILING, INC., and GILBERT VOLPONI,<br>　　　　Defendants. | Civ. Action No. 16-40009-TSH |

ORDER
March 6, 2017

**HILLMAN, D.J.**

## Background

The Plaintiffs, Charles Torrezani and Josimar DeSouza ("Plaintiffs"), have filed a Third Amended Complaint (Docket No. 11)("Complaint") against VIP Detailing, Inc. ("VIP") and Gilbert Volponi ("Volponi" and, together with VIP, "Defendants") for violation of the overtime provision of the Massachusetts Minimum Fair Wage Law, Mass.Gen.L. ch. 151, §1A (Count I)("MFWL"), violation of the Fair Labor Standards Act, 29 U.S.C. s. 201 *et seq*. ("FLSA")(Count II), and violation of the Massachusetts Wage Act, Mass.Gen.L. ch. 149, §148 (Count III)("MWA") as a result of Defendants alleged failure to pay them, and similarly situated individuals, overtime wages. Plaintiffs have filed a motion seeking: (1) class certification of their state law claims pursuant to Fed.R.Civ.P. 23, and (2) collective certification of class claims and issuance of notice pursuant to 29 U.S.C. §216(b). For the reasons set forth below, that motion is *granted*.

**Discussion**

The Plaintiffs worked for the Defendants for several years performing vehicle detailing and cleaning at auto dealerships in Auburn and Millbury, Massachusetts. Plaintiffs typically worked somewhere between fifty (50) and sixty (60) hours per week and were not provided with breaks. Plaintiffs were paid on an hourly basis. Torrezani, for example, was paid twelve dollars ($12) per hour.  Plaintiffs were not paid premium or overtime compensation for hours worked in excess of forty (40) per week; instead, they were paid the so-called "straight-time" hourly wage for all hours worked.  Moreover, Defendants failed to accurately record the time worked by employees and did not issue them paystubs detailing the hours worked and rate of pay.

Plaintiffs seek class certification of their state law claims pursuant to Fed.R.Civ.P. 23 *and c*ollective class certification under the FLSA. In a Rule 23 class action, each individual employee who falls within the definition of the class is deemed a class member and is bound by any final judgment (favorable or not), unless s/he has opted out of the class.  Under the FLSA, a potential class member must opt in to the action by filing written notice of consent with the Court; only individuals who have opted to be class members are bound by the final judgment.   Because the standards to obtain class certification are different, the Court will conduct a separate analyses of whether the Plaintiffs have met the requirements for class certification under Rule 23 and/or the FLSA.

Certification Of State Law Claims Under Fed.R.Civ.P. 23

Count I of the Complaint asserts a violation of the overtime provision of the MFWL, which provides that non-exempt employees be paid at least one and one-half times their regular wage rate for hours worked om excess of forty (40) hours per week Mass. Gen. L. ch. 151, §

1A.[1] Count III of the Complaint asserts a claim for violation of the MWA, which mandates that non-exempt hourly employees be paid their hourly wage for all time worked. *See Id.*, ch. 149, §148. Plaintiffs seek to certify as a class:

> All individuals who have worked for VIP Auto Detailing, Inc., and Gilbert Volponi performing automobile detailing and cleaning at any time since August 2, 2012, at either of the Herb Chambers dealerships in Auburn and Millbury, Massachusetts, and who were not paid overtime compensation when they worked more than 40 hours in a week.

*Rule 23(a) Requirements*

A proposed class under Rule 23(a) must meet the following four requirements: "(1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). The plaintiffs have the burden of showing that all the prerequisites for a class action have been met." *Garcia v. E.J. Amusements of New Hampshire, Inc.*, 98 F.Supp.3d 277, 284–85 (D. Mass. 2015)(internal citations omitted). In this case, Defendants only dispute whether the fourth requirement has been met, *i.e.*, the adequacy of the Plaintiffs to protect the interests of the class. Nevertheless, because the law charges the Court with "'conduct[ing] a rigorous analysis of the prerequisites established by Rule 23 before certifying a class' ", *see id.* at 285 (citation to quoted case omitted), I will independently analyze whether each requirement has been met.

*Number of Class Members (Numerosity)*

To be certified as a class under Rule 23, the number of members must so numerous that joinder of all would be "impracticable." "'No minimum number of plaintiffs is required to

---

[1] Certain employees are expressly exempt from the MFWL's overtime provision, including executives, restaurant workers, fisherman, farm workers, etc.

maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met.' " *Id.*, (citation to quoted case omitted). In this case, based on the Defendants' own records, the Plaintiffs alleged that they have established a class of approximately 46 current/former employees who worked for VIP at local car dealerships during the relevant time period. However, after review of the evidence submitted by the Plaintiffs, I questioned whether they could, in fact, establish that the number of potential class members was so numerous that joinder would be impractical. For that reason, I issued an Order For Supplemental Briefing (Docket No. 28), requiring the parties to review the records submitted by the Plaintiffs and identify those individuals which they contend are potential class members. After reviewing the parties' submissions[2], I find that the concerns about the number of potential Plaintiffs was warranted. Simply put, Plaintiffs' evidence does not support their allegation that there are forty-six potential Plaintiffs. Defendants, on the other hand, have filed a response, which addresses the exact concerns raised by the Court regarding the documentary evidence submitted by the Plaintiffs in support of their numerosity claim. Defendants have identified, at most, thirty potential class members. *See Defs' Resp. To Pls' Revised Supp. Mem. Concerning Numerosity* (Docket No. 32) and *Aff. Of Gilbert Volponi Re Defs' Resp. To Pls' Revised Supp. Mem. Concerning Numerosity* (Docket No. 33). I find based on the parties' supplemental submissions, that there are thirty potential class members. The question now becomes whether this lesser number of potential class members is sufficient to satisfy the numerosity requirement.

---

[2] Plaintiffs' initial supplemental brief included legal argument and analysis which went well beyond the information requested by the Court; that original brief was stricken and thereafter, Plaintiffs filed a brief responsive to this Court's order. *See Plaintiffs' Revised Supplemental Mem. Concerning Numerosity* (Docket No. 31).

Classes of forty of more have been found to be sufficiently numerous for purposes of Rule 23(a)(1), *see DeRosa v. Massachusetts Bay Comm. Rail Co.*, 694 F.Suppp.2d 87, 98 (D.Mass. 2010).  Where the potential class number is less than forty, federal courts "have taken a more flexible approach to the numerosity analysis," *In re Nexium (Esomeprazole) Antitrust Litigation*, 296 F.R.D. 47, 51 (D.Mass. 2013), considering "[s]ubjective factors such as the geographic location of proposed class members, the nature of the action, and matters of judicial economy." *Id.*, at 52. Other factors considered are "'the ability of individual claimants to institute separate suits,…whether injunctive or declaratory relief is sought,' " the financial resources of proposed class members and their (the proposed class member's) ability to file individual suits. *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Trust*, 268 F.R.D. 670, 674 (W.D. Wash. 2010)(citation to quoted case omitted). The focus of the inquiry remains whether joinder of all potential plaintiffs would be impracticable; impracticable does not mean that it would be impossible, rather it  "means only 'the difficulty or inconvenience of joining all members of the class.' " *Id.* (citation to quoted case omitted).

In this case, I have little information concerning the current residences of potential class members, however, I will assume for purposes of this discussion they are primarily located within Central Massachusetts. Given this assumption, this factor cuts against a finding that joinder would be impractical.  At the same time, one of the primary purposes behind class actions is judicial economy.  I agree with the Plaintiffs that avoiding multiple suits by as many as thirty additional class members strongly favors maintaining this suit as a class action.  This is particularly true in this case given that the Court can reasonably infer that substantially all of the class members have limited financial resources and would find it difficult to pursue the claims

themselves[3]. *See Id.* Thus, these combined factors favor a finding that the numerosity requirement has been met.

*Commonality of Facts and Law*

Rule 23 requires that there be questions of law or fact common to the class. More specifically, "the class claims must depend upon a 'common contention' that is 'capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.' In other words, the commonality requirement is met where the 'questions that go to the heart of the elements of the cause of action' will 'each be answered either 'yes' or 'no' for the entire class' and 'the answers will not vary by individual class member.' *Id.* (Internal citations and citation to quoted case omitted). In this case, Plaintiffs have essentially alleged that Defendants have engaged in *per se* illegal wage policies, *i.e.*, non-payment of overtime wages, which violated the rights of all class members. Defendants do not dispute that there are factual and legal questions common to the class, *i.e.*, that VIP failed to pay employees who worked as car detailers and cleaners overtime wages for hours worked in excess of 40 hours per week. Plaintiffs have included citations to deposition testimony by Volponi, the President and owner of VIP, and his sister, Gelcineia Piccirillo, the manager of VIP, to support their claims. While the evidence is far from overwhelming, I find, on this record, that the prospective class shares common questions of law and fact sufficient to satisfy the commonality requirement of Rule 23.

---

[3] Many cases alleging state wage law and FLSA violations are taken on a contingent fee basis and therefore, proposed class members may not need significant financial resources to pursue their claims. This case is in its early stages and the current record is scant, at best. Nonetheless, the evidence which the Plaintiffs presented in support of the instant motion suggests that many of the potential class members will be entitled to minimal monetary recovery and therefore, there may be little incentive for attorneys to bring individual suits on their behalf. *See McCluskey*, 268 F.R.D. at 675.

*Typicality and Adequacy*

"Typicality," as the term suggests, requires that the claims of the representative plaintiffs be typical of the claims of the class. The typicality requirement is met "when [the representative plaintiff's] injuries arise from the same events or course of conduct as do the injuries of the class and when plaintiff[s'] claims and those of the class are based on the same legal theory." *In re Credit Suisse-AOL Sec. Litig*, 253 F.R.D. 17, 23 (D.Mass. 2008). This does not mean that the representative plaintiff's claims must be identical to those of proposed class members, rather the "question [is] whether the putative class representatives can fairly and adequately pursue the interests of the [proposed] class members without being sidetracked by their own particular concerns.'" *Id.*(citation to quoted case omitted).

The "Adequacy" requirement "demands a similar inquiry into whether the putative representative plaintiff's interests are aligned with other class members and whether the plaintiff is in a position to vigorously protect the class' interests …. The analyses has two steps: The Court must determine, 'first, whether any potential conflicts exist between the named plaintiffs and the prospective class members, and, second, whether the named plaintiffs and their counsel will prosecute their case vigorously. Both typicality and adequacy may be defeated where the class representatives are subject to unique defenses which threaten to become the focus of the litigation'" *Id.* (citation to quoted case omitted).

In this case, the Defendants do not challenge Plaintiffs' assertion that they meet the typicality requirement and the Court finds that, in fact, the Plaintiffs alleged injuries arise from the same events and course of conduct as the injuries of the proposed class members. However, Defendants vigorously challenge whether Plaintiffs satisfy the adequacy requirement. More specifically, Defendants argue that these Plaintiffs lack the integrity to represent the class

because they refused to provide their social security or tax identification numbers to VIP, did not file federal or Massachusetts tax returns for the years in question, or pay income tax on the monies received. I am troubled by the Plaintiffs' conduct given that their failure to file tax returns/pay income taxes could "become the focus of the litigation." However, I do not *at this time* find that such conduct makes them inadequate to represent the interests of the class[4] *Cf. Randle v. Spectran*, 129 F.R.D. 386. 392 (D.Mass. 1988)(putative class representative's failure to file tax returns, while serious, is not so conclusive as to individual's honesty or capacity for truthfulness to compel conclusion that he cannot adequately represent class). As to the second prong of the adequacy determination, *i.e.*, whether the Plaintiffs and their counsel will vigorously prosecute the case, I am satisfied that the Plaintiffs will vigorously pursue both their own claims and those of the proposed class members, and that their counsel has demonstrated that they are qualified, experienced and are also fully prepared to represent the class to the best of their abilities. Accordingly, I find that they typicality and adequacy requirements are met.

I find that all of the Rule 23(a) requirements are met and therefore, that class certification thereunder is appropriate. However, in order to obtain class certification, Plaintiffs must also establish that the action may be maintained under Fed.R.Civ.P. 23(b)(1),(2) or (3). *See* Fed.R.Civ.P. 23(b); *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (2003).

---

[4] In their reply brief, Plaintiffs seemingly dispute whether they failed to file their tax returns; instead, they assert that they failed to turn them over in discovery because in their minds, they are not relevant to the claims they have asserted. They then have the temerity to suggest that the Defendants' arguments should be disregarded as unsupported, because they can't prove that that they did not file their tax returns. I have in other employment cases found the tax returns of the representative plaintiffs to be highly relevant and discoverable. I am at a loss as to why a plaintiff asserting a claim for failure to pay appropriate wages would take the position that such information is not discoverable. I will address any potential ramification of the Plaintiffs failure to turn such information over to the Defendants during discovery at a later date. That being said, I *strongly* suggest that Plaintiffs provide Defendants with their tax returns and any information responsive to Defendants' discovery requests regarding such information.

*Rule 23(b)(3) Certification*

Plaintiffs assert that they have satisfied Rule 23(b)(3), which requires, in relevant part that:

> the Court find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

*Id.* The factors to be considered by the Court in making this finding include:

> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> **(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> **(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> **(D)** the likely difficulties in managing a class action.

*Id.*

In order to establish predominance, Plaintiffs must show that the proposed class is "'sufficiently cohesive to warrant adjudication by representation.'" "While 'the predominance criterion is far more demanding' than the commonality requirement, it presumes that individual issues will exist. The heart of the predominance inquiry is whether the 'uncommon questions,' outweigh the commonalities. 'Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class.' Put another way, there must be a 'sufficient constellation of common issues bind[ing] class members together....'" *Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1, 28 (D. Mass. 2010)(internal citations and citation to quoted cases omitted). In this case, common issues predominate, and Defendants to not contend otherwise. Moreover, the proposed relief, in the form of monetary damages, is common to all class members. There may be some individual issues (for example, the Plaintiffs failure to pay taxes or

9

file tax returns), however, these uncommon issues do not outweigh the common ones. Therefore, on the whole, common issues predominate.

"Superiority exists where 'there is a real question whether the putative class members could sensibly litigate on their own for these amounts of damages, especially with the prospect of expert testimony required.'" *Id.*, at 29 (citation to quoted case omitted). While class members probably could litigate the claims on their own, as I have found for purposes of my Rule 23(a) analysis, it is unlikely many of the class members would have the resources to do so. This is especially true given that many of the class members worked for only limited periods of time and are likely to recover a minimal amount so that pursuing individual claims would be impractical. Contrary to Plaintiffs argument, I do not find that this is the type of case where the class members would refrain from bringing suit because they fear retaliation—Defendants run a small business and most of the class members no longer work for them. I do agree with the Plaintiffs that it will be far more efficient for and economical, both to the class members and the Court, for this matter to be pursued as a class action rather than a series of individual suits. Again, Defendants do not contend otherwise. Accordingly, I find that this matter may be maintained as a class action under Rule 23.[5]

### Certification Under the FLSA

The FLSA provides in relevant part, that

> "[a]ny employer who violates the provisions of … section 207 [maximum hours] of this title shall be liable to the employee or employees affected in the amount … their unpaid overtime compensation … and in an additional equal amount as liquidated damages … . An action to recover the liability prescribed …

---

[5] My finding that certification is appropriate under Rule 23 is grounded on a number of inferences and assumptions based on the record as it presently stands. More specifically, I have found that the Plaintiffs have established that joinder of all plaintiffs would be impracticable and therefore, the numerosity requirement has been met.  However, I caution the Plaintiffs that the finding that they have satisfied the Rule 23 requirements for class certification is a *very* close call and if as the record develops, it becomes clear that there are fewer than the thirty proposed class members, or that other inferences/assumptions made by the Court were wrong or unwarranted, I will not hesitate to de-certify the class.

> may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) ("Section 216") . Thus, the FLSA permits an employee to bring suit against an employer on his own behalf and on behalf of other "similarly situated" employees. In order to maintain such a collective action, the putative class members must be "similarly situated" to each other.  To determine whether putative class members are similarly situated, federal courts have adopted a two-tiered approach: "First, at the 'notice stage', the Court relies upon the pleadings and affidavits to determine, under a "fairly lenient standard", whether the putative class members 'were subject to a single decision, policy, or plan that violated the law' ". *See Burns v. City of Holyoke*, 881 F.Supp.2d 232, 234 (D.Mass. 2012)(citation to quoted case omitted); *see also Cunha v. Avis Budget Car Rental, LLC*, --F.Supp.3d--, 2016 WL 6304432 (D.Mass. Oct. 26, 2016).  Although the determination is made using a fairly lenient standard, the standard is not "invisible". *See Houston v. URS Corp.,* 591 F.Supp.2d 827, 831 (E.D.Va.2008) (citations omitted). Rather, "as a matter of sound case management" and to avoid "a frivolous fishing expedition at the employer's expense", courts should generally require the party moving for conditional certification to make "a preliminary factual showing that there actually exists a similarly situated group of potential plaintiffs." *Melendez Cintron v. Hershey Puerto Rico, Inc.,* 363 F.Supp.2d 10, 18 (D.P.R.2005). At a minimum, the plaintiff must "put forth some evidence that the legal claims and factual characteristics of the class in [the] case are similar." *Trezvant v. Fidelity Emp'r Servs. Corp.,* 434 F.Supp.2d 40, 44 (D.Mass.2006) (citing *Kane,* 138 F.Supp.2d at 215); *Burns v. City of Holyoke*, 881 F. Supp. 2d 232, 234-35 (D. Mass. 2012). If the Court finds that the plaintiff has met this minimal showing, conditional certification is granted and the parties undertake to conduct limited discovery.  The second step of the analysis occurs after

11

discovery is complete—at that time, the employer may then file a motion with the Court seeking de-certification. *See Burns, 881 F.Supp.2d at 234*. The Court makes that determination based on a number of factors, including: "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 364–65 (D. Me. 2010). If the court determines based on the more extensive factual record that that the plaintiffs are not similarly situated, then the collective action may be de-certified and the opt-in plaintiffs dismissed without prejudice.

In this case, Plaintiffs assert that discovery is complete and therefore, the Court should forgo the usual two-step process and grant final collective class certification. Although it is not the usual case, "courts sometimes do skip the first stage of the certification process when extensive discovery has taken place." *Prescott*, 729 F.Supp.2d at 366. Whether to skip the first step of the analysis and proceed to final certification is a close call. First, this case is still in its early stages. Additionally, since it remains unclear how many proposed class members will want to participate in this suit and, as evidenced by the Court's concerns in connection with the Rule 23(a) analysis, the record as to the nature and extent of the services performed by the proposed collective action plaintiffs remains murky. Given the modest size of the proposed collective class, the number and type of employees who elect to join the suit may inform the court's analysis regarding whether final certification is appropriate. *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 468 (DC.Cal. 2004). The Court is also mindful of the fact that in the parties' joint statement, Plaintiffs indicated that after the close of discovery, they would file a motion with the Court seeking *conditional* certification and acknowledged that there may be additional discovery regarding class certification. *See Joint Local Rule 16.1 Scheduling*

*Statement* (Docket No. 18). Under the circumstances, the Court finds that it is appropriate to proceed under the conditional certification two-stage procedure. *Cf. Prescott,* 729 F.Supp.2d at 366-67.

Under the first stage "lenient' standard, I find that Plaintiffs have sufficiently met their burden of establishing that there "actually exists a similarly situated group of potential plaintiffs," such that conditional certification of the class is warranted. Accordingly, notice of the pendency of this action to proposed class members is authorized. After the notices have been issued, the parties may seek leave of court to conduct any additional discovery which may be warranted. Thereafter, the action will proceed to the de-certification/final certification stage.

### Certification and Conditional Certification Procedure

1. As to the Rule 23 Certification, on or before March 14 2017, the Plaintiff shall provide the Court with a proposed class certification Order defining the class, the class claims, issues, or defenses, and appointing class counsel under Fed.R.Civ.P. 23(g). The Plaintiffs shall also file a proposed form of notice in accordance with Fed.R.Civ.P. 23(c)(2)(B). If Defendants object to the proposed Order and/or form of notice, they shall file their own proposed Order/form of notice by March 21, 2017.

2. As to the FLSA conditional certification, on or before March 14, 2107, the Plaintiff shall file a proposed notice that sets forth the definition of the group in the collective action, the process for opting in and the date by which a prospective class member must opt in and any other relevant information regarding available legal rights and remedies. If Defendants object to the proposed form of notice, they shall file their own proposed form of notice by March 21, 2017.[6]

---

[6] Notwithstanding the procedure outlined by the Court, the parties are encouraged to confer and file a joint proposed Order and form of notice under Rule 23 and joint proposed notice under the FLSA on or before March 7, 2017.

3. The Defendants are ordered to produce to the Plaintiff by March 15, 2017, the list of names and current or last known mailing and e-mail addresses and telephone numbers of the employees that may belong to the collective action.

## Conclusion

Plaintiff's Motion For Class Certification Pursuant To Fed.R.Civ.P. 23, Collective Action Certification Pursuant To 29 U.S.C. §216(b)(Docket No. 20) is *granted*, as provided herein.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**